JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DAVID POPE and KIMBERLY POPE

## DEFENDANTS

YRC, INC., YRC LOGISTICS SERVICES, INC. and ROBERT E. VERMAATEN

(b) County of Residence of First Listed Plaintiff   Pike County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Jarret J. Ferentino, Pugliese, Finegan & Shaffer, LLC, 575 Pierce Road, Suite 500, Kingston, PA 18704

Attorneys (If Known)   Esq., Law Office of Michael LiPuma
325 Chestnut Street, Suite 1109
Philadelphia, PA  19106

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| 1  U.S. Government Plaintiff | 3  Federal Question (U.S. Government Not a Party) |
| 2  U.S. Government Defendant | X 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | X 2 | Incorporated and Principal Place of Business In Another State | 5 | X 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - | 620 Other Food & Drug | 423 Withdrawal | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product | Med. Malpractice | 625 Drug Related Seizure | 28 USC 157 | 430 Banks and Banking |
| 140 Negotiable Instrument | Liability | 365 Personal Injury - | of Property 21 USC 881 | | 450 Commerce |
| 150 Recovery of Overpayment | 320 Assault, Libel & | Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 460 Deportation |
| & Enforcement of Judgment | Slander | 368 Asbestos Personal | 640 R.R. & Truck | 820 Copyrights | 470 Racketeer Influenced and |
| 151 Medicare Act | 330 Federal Employers' | Injury Product | 650 Airline Regs. | 830 Patent | Corrupt Organizations |
| 152 Recovery of Defaulted | Liability | Liability | 660 Occupational | 840 Trademark | 480 Consumer Credit |
| Student Loans | 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | 490 Cable/Sat TV |
| (Excl. Veterans) | 345 Marine Product | 370 Other Fraud | 690 Other | | 810 Selective Service |
| 153 Recovery of Overpayment | Liability | 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | 850 Securities/Commodities/ |
| of Veteran's Benefits | 350 Motor Vehicle | 380 Other Personal | 710 Fair Labor Standards | 861 HIA (1395ff) | Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle | Property Damage | Act | 862 Black Lung (923) | 875 Customer Challenge |
| 190 Other Contract | Product Liability | 385 Property Damage | 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| 195 Contract Product Liability | X 360 Other Personal | Product Liability | 730 Labor/Mgmt.Reporting | 864 SSID Title XVI | 890 Other Statutory Actions |
| 196 Franchise | Injury | | & Disclosure Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 740 Railway Labor Act | **FEDERAL TAX SUITS** | 892 Economic Stabilization Act |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment | Sentence | 791 Empl. Ret. Inc. | or Defendant) | 894 Energy Allocation Act |
| 230 Rent Lease & Ejectment | 443 Housing/ | **Habeas Corpus:** | Security Act | 871 IRS—Third Party | 895 Freedom of Information |
| 240 Torts to Land | Accommodations | 530 General | | 26 USC 7609 | Act |
| 245 Tort Product Liability | 444 Welfare | 535 Death Penalty | **IMMIGRATION** | | 900 Appeal of Fee Determination |
| 290 All Other Real Property | 445 Amer. w/Disabilities - | 540 Mandamus & Other | 462 Naturalization Application | | Under Equal Access |
| | Employment | 550 Civil Rights | 463 Habeas Corpus - | | to Justice |
| | 446 Amer. w/Disabilities - | 555 Prison Condition | Alien Detainee | | 950 Constitutionality of |
| | Other | | 465 Other Immigration | | State Statutes |
| | 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | |
|---|---|
| 1  Original Proceeding | X 2  Removed from State Court | 3  Remanded from Appellate Court | 4  Reinstated or Reopened | 5  Transferred from another district (specify) | 6  Multidistrict Litigation | 7  Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C §§ 1332, 1441 and 1446

Brief description of cause:
Personal injuries from alleged exposure to substance carried by Defendants' vehicle

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 300,000.00

CHECK YES only if demanded in complaint:

JURY DEMAND:   Yes   No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   06/21/2011

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
SCRANTON DIVISION
CIVIL ACTION NO. _____

DAVID POPE and KIMBERLY POPE,     )
                                  )
        Plaintiffs,               )
                                  )        **NOTICE OF REMOVAL**
v.                                )        **(28 U.S.C. §§ 1332, 1441 and 1446)**
                                  )
YRC, INC., YRC LOGISTICS          )
SERVICES, INC. and ROBERT E.      )
VERMAATEN,                        )
                                  )
        Defendants.               )

## TO:  THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA, SCRANTON DIVISION

Defendants, YRC, Inc., YRC Logistics Services, Inc. and Robert E. Vermaaten, through counsel, respectfully petition the United States District Court for the Middle District of Pennsylvania, Scranton Division, to remove the above-captioned action commenced in the Court of Common Pleas of Pike County, Pennsylvania, File No. GD-739-2011 (the "State Court Action"), to this Court pursuant to 28 U.S.C. § 1441 *et seq.* and, in support thereof, show the Court the following:

1.      On April 18, 2011, Plaintiff filed this civil action via a Praecipe for Writ of Summons in the Court of Common Pleas of Pike County, Pennsylvania. Thereafter, on May 13, 2011, Defendants filed a Praecipe for Rule to File Complaint on Plaintiffs, who filed their Complaint on or about June 1, 2011. A copy of the Praecipe for Writ of Summons, Rule to File Complaint and Complaint, which constitute all of the documents filed in the State Court Action and served on Defendants, are attached hereto as Exhibit A pursuant to 28 U.S.C. § 1446(a).

2.      The Complaint in the State Court Action alleges and avers that Plaintiffs are residents of the Commonwealth of Pennsylvania. *See* Exhibit A, Complaint, ¶ 1.

3.      Defendant YRC, Inc. is a Delaware corporation with a principal place of business in Kansas. Defendant YRC Logistics Services, Inc. is an Illinois corporation with a principal place of business in Kansas. Defendant Robert E. Vermaaten resides at 2952 Wendy Lane, Grove City, OH 43123, and is a citizen of Ohio. Accordingly, this is an action between citizens of different states as referenced by and pursuant to 28 U.S.C. § 1332.

4.      Plaintiffs' initial pleading, its Praecipe for Rule to File Complaint, did not state any amount that it was seeking, and thus, Plaintiffs' initial pleadings did not state a case seeking in excess of $75,000.00, exclusive of interest and costs, so as to confer original jurisdiction on this Court pursuant to 28 U.S.C. § 1332 and make the case removable. 28 U.S.C. § 1446(b).

5.      By letter dated May 26, 2011, however, Plaintiff sent counsel for Defendants a "demand package" including a letter demanding $300,000 arising out of the acts, events and claims that formed the basis for the State Court Action. A true and correct copy of the letter from the demand package setting forth this demand is attached hereto as Exhibit B.

6.      Based on this letter and the supporting documentation, which included medical expert evaluations and extensive medical records, Defendants were able to ascertain, for the first time, that Plaintiff demanded in excess of $75,000.00, exclusive of interest and costs in this matter, and Plaintiff's letter therefore constitutes an "other paper" demonstrating that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, that makes the State Court Action removable beginning on the date that the Complaint was filed—June 1, 2011. 28 U.S.C. § 1446(b). *See, e.g., Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 816 (7th Cir. 2006) (plaintiff's pre-suit settlement demand was admissible to show amount in controversy and

2

$180,000-200,000 demand demonstrated that plaintiff believed amount in controversy exceeded jurisdictional limit); *La Rocca v. Stalhheber*, 676 F. Supp. 2d 1347, 1349 (S.D. Fla. 2009) (demand package was competent evidence to establish that amount in controversy exceeded $75,000.00).

7.      Moreover, Plaintiffs' Complaint states that Plaintiffs seek "an amount in excess of $50,000.00 together with delay damages and costs," based on Plaintiff David Pope's alleged injuries and damages, which include "serious, painful and permanent injuries," including a "permanent lung injury" and increasing asthma symptoms which will "never completely heal," as well as past, present and future "mental anguish, pain and discomfort, physical pain and discomfort and the loss of the enjoyments of life for an indefinite period of time in the future." *See* Exhibit A, Complaint, ¶ 17, 20.

8.      Plaintiffs also allege that Plaintiff David Pope has already incurred $15,089.32 in medical expenses and unspecified lost wages, and that he will continue to incur medical expenses and lost earning capacity into the future due to his "permanent partial disability." *See* Exhibit A, Complaint, ¶¶ 18-19.

9.      It is therefore clear from these allegations of serious, permanent injuries and damages, and their demand letter, that Plaintiffs seek well in excess of $75,000.00, exclusive of interest and costs, in the State Court Action, and because the State Court Action is an action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and this action is therefore one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

3

10.     Defendants remove the State Court Action within thirty (30) days of the filing the Complaint and ascertaining that the State Court Action is removable, and less than one year after commencement of the Action, pursuant to 28 U.S.C. § 1446(b).

11.     Contemporaneously with the filing and service of this Notice of Removal and consistent with 28 U.S.C. § 1446(d), Defendants have served a "Notice of Filing of Notice of Removal," with a copy of this Notice of Removal, upon the Plaintiffs, and have filed this Notice of Filing of Notice of Removal with the Court of Common Pleas of Pike County, Pennsylvania.

WHEREFORE, Defendants respectfully request that the above action now pending against it in the Court of Common Pleas of Pike County, Pennsylvania be removed there from to this Court.

LAW OFFICE OF MICHAEL LIPUMA

Date: June 21, 2011          By:_____

Michael LiPuma
Pa. I.D. No. 74790
325 Chestnut Street, Suite 1109
Philadelphia, PA 19106
Telephone: (215) 922-2126
Fax: (215) 922-2128
E-mail: mlipuma@lipumalaw.com
*Attorneys for Defendants YRC, Inc., YRC Logistics Services, Inc. and Robert E. Vermaaten*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Amended**

**Notice of Removal** has been served this 21st day of June, 2011, on the following and in the

manner listed below:

> Jarret J. Ferentino, Esq.
> 575 Pierce Street, Suite 500
> Kingston, PA 18704
> *Attorney for Plaintiffs* ( by FedEx )

> LAW OFFICE OF MICHAEL LIPUMA
>
> By:_____
>
> Michael LiPuma
> Pa. I.D. No. 74790
> 325 Chestnut Street, Suite 1109
> Philadelphia, PA 19106
> Telephone:  (215) 922-2126
> Fax: (215) 922-2128
> E-mail:  mlipuma@lipumalaw.com
> *Attorneys for Defendants YRC, Inc., YRC Logistics*
> *Services, Inc. and Robert E. Vermaaten*

IN THE COURT OF COMMON PLEAS OF _____ PIKE _____ COUNTY, PENNSYLVANIA

CIVIL DIVISION

Plaintiff(s) & Address(es):
David Pope and Kimberly Pope, his wife
RR #4 - Box 4271
Wyalusing, PA 18853                          :       File No. _____ _____ _____

              vs.                            :

                                             :       Civil Action _____ _____ _____
Defendant(s) & Address(es):                  :
YRC, Inc.                                    :
10990 Roe Avenue                             :
Overland Park, KS 66211                      :
(See attached sheet)                         :

### PRAECIPE FOR SUMMONS

TO THE PROTHONOTARY/CLERK OF SAID COURT:

        Issue summons in _____ in Civil Law _____
in the above case.

__X__ Writ of Summons shall be issued and forwarded to Attorney/Sheriff.

Date: ____04/18/2011_____

                                   Signature of Attorney: _____

                                   Print Name: Jarrett J. Ferentino, Esquire

                                   Address: Pugliese, Finnegan & Shaffer LLC

                                            575 Pierce Street/Suite 500, Kingston, PA 18704

                                   Telephone: 570-283-1800

                                   Supreme Court ID No.: 91726

                                   * * * * *

### SUMMONS IN CIVIL ACTION

TO:   Defendants:
      YRC, Inc., YRC Logistics Services, Inc. and Robert E. Vermaaten _____

YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAS/HAVE COMMENCED AN ACTION
AGAINST YOU.

                                   _____
                                   Prothonotary/Clerk, Civil Division

Date: _____      by: _____
                                       Deputy



YRC, Inc.
c/o CT Corporation Systems
116 Pine Street
Harrisburg, PA 17101

YRC Logistics Services, Inc.
10990 Roe Avenue
Overland Park, KS 66211

YRC Logistics Services, Inc.
c/o CT Corporation Systems
116 Pine Street
Harrisburg, PA 17101

Robert E. Vermaaten
c/o YRC, Inc.
10990 Roe Avenue
Overland Park, KS 66211

IN THE COURT OF COMMON PLEAS OF PIKE COUNTY, PENNSYLVANIA

DAVID POPE and KIMBERLY POPE    CIVIL DIVISION

                Plaintiff,

                        No. GD-739-2011

        v.

YRC, INC., YRC LOGISTICS        **PRAECIPE FOR RULE TO FILE**
SERVICES, INC., and ROBERT E.    **COMPLAINT**
VERMAATEN

          Defendants.    FILED ON BEHALF OF:
                        **Defendants YRC Inc., YRC Logistics, Inc. and**
                        **Robert E. Vermaaten**

                        COUNSEL OF RECORD FOR THIS PARTY:

                        Brendan G. Stuhan
                        PA. I.D. No. 91561

                        **STRAUCH, FITZGERALD & GREEN, P.C.**
                        118 S. Cherry Street
                        Winston-Salem, NC 27101
                        (336) 837-1069
                        (336) 725-8867 (fax)

IN THE COURT OF COMMON PLEAS OF PIKE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| DAVID POPE and KIMBERLY POPE | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. GD-739-2011 |
| v. | ) | |
| | ) | |
| YRC, INC., YRC LOGISTICS | ) | |
| SERVICES, INC., and ROBERT E. | ) | |
| VERMAATEN | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## PRAECIPE FOR RULE TO FILE COMPLAINT

### TO THE PROTHONOTARY:

Kindly issue a Rule to File Complaint in connection with the above-captioned matter.

Respectfully submitted,

STRAUCH, FITZGERALD & GREEN, P.C.

Dated: May _10_, 2011

By: _____

Brendan G. Stuhan
PA. I.D. No. 91561

And now, May 13, 2011, rule
is entered as per above praecipe.

_____
Denise Fitzpatrick
Prothonotary

118 S. Cherry Street
Winston-Salem, NC 27101
(336) 837-1069
(336) 725-8867 (fax)
**Attorneys for Defendant YRC, Inc.,
YRC Logistics Services, Inc., and
Robert E. Vermaaten**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Praecipe**

**for Rule to File Complaint** has been served upon the following known counsel of record this

the _10th_ day of May, 2011, via United States First-Class Mail, postage prepaid, at the

following address:

Jarrett J. Ferentino, Esquire
Pugliese, Finnegan & Shaffer LLC
575 Pierce Street, Suite 500
Kingston, PA  18704

STRAUCH, FITZGERALD & GREEN, P.C.

By: _____
Brendan G. Stuhan
**Attorneys for Defendant YRC, Inc.,**
**YRC Logistics Services, Inc., and**
**Robert E. Vermaaten**

IN THE COURT OF COMMON PLEAS OF PIKE COUNTY, PENNSYLVANIA
CIVIL DIVISION

DAVID POPE and          :
KIMBERLY POPE, his wife :
          Plaintiffs    :
                        :
     vs.                :          File No.: GD- 739-2011
                        :
YRC, INC.,              :
YRC LOGISTICS SERVICES, INC. :
and ROBERT E. VERMAATEN :
          Defendants    :

**NOTICE**

     YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

     YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Pennsylvania Lawyer Referral Service
Pennsylvania Bar Association
PO Box 186
Harrisburg, PA 17108
800-692-7375

Pugliese, Finnegan & Shaffer LLC
Jarrett J. Ferentino, Esquire / Id No. 91726
575 Pierce Street - Suite 500
Kingston, PA 18704
570-283-1800 (Phone)
570-283-1840 (Fax)
ferentino@pfslawyer.com                                          Attorneys for Plaintiffs

---

## IN THE COURT OF COMMON PLEAS OF PIKE COUNTY, PENNSYLVANIA
## CIVIL DIVISION

| | | |
|---|---|---|
| DAVID POPE and | : | |
| KIMBERLY POPE, his wife | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | File No.: GD- 739-2011 |
| | : | |
| YRC, INC., | : | |
| YRC LOGISTICS SERVICES, INC. | : | |
| and ROBERT E. VERMAATEN | : | |
| Defendants | : | |

## COMPLAINT

### COUNT I
### DAVID POPE v. YRC, INC., YRC LOGISTICS SERVICES, INC., AND ROBERT E. VERMAATEN

1.    The Plaintiffs are David Pope and Kimberly Pope, his wife, adult individuals, residing

at RR #4 Box 4271, Wyalusing, Pennsylvania 18853.

2.    The Defendants, YRC, Inc., YRC Logistics Services, Inc., are corporations with a

place of business at 10990 Roe Avenue, Overland Park, Kansas 66211.

3.    The Defendant, Robert E. Vermaaten is an adult individual with an address in care

of YRC, Inc. and YRC Logistic Services, Inc. 10990 Roe Avenue, Overland Park, Kansas 66211.

4.      The Defendant, Robert E. Vermaaten at all times material hereto was the agent and employee of the Defendants, YRC, Inc and YRC Logistics Services, Inc. engaged in their business authorized to do so and acting within the scope of his employment.

5.      The Plaintiff, David Pope, at all times material hereto was a Pennsylvania State Police Trooper and assigned as a motor carrier inspector.

6.      The Defendants, YRC, Inc. and YRC Logistic Services, Inc. at all times material hereto were the owners of a Volvo Tractor and Trailer which carried as its load potassium carbonate.

7.      The Defendant, Robert E. Vermaaten, on April 28, 2009 was operating the Volvo tractor and trailer owned by the Defendants, YRC, Inc. and YRC Logistics Services, Inc. in Pike County Pennsylvania in the westbound lane of Interstate 84 at or about mile marker 25.

8.      At the aforesaid time and place the Plaintiff, David Pope, was carrying out motor vehicle inspections for the Pennsylvania State Police, pursuant to the motor vehicle code of the Commonwealth of Pennsylvania and specifically 75 Pa. C.S.A. § 4704.

9.      At the aforesaid time and place the Defendant, Robert E. Vermaaten, drove the Volvo tractor and trailer into the Pike County rest area on Interstate 84 to be inspected by the Plaintiff, David Pope.

10.     The Plaintiff, David Pope, in carrying out the inspection of the Defendant's vehicle proceeded underneath the vehicle on a creeper at which time potassium carbonate dripped through the floor of the trailer and landed in the mouth of the Plaintiff, David Pope causing the injuries and damages hereinafter set forth.

-2-

11.     The vehicle owned by the Defendants, YRC, Inc. and YRC Logistics Services, Inc. and operated by the Defendant, Robert E. Vermaaten was not loaded so as to prevent its load of potassium carbonate from dropping, sifting, leaking or otherwise escaping as required by the motor vehicle code of the Commonwealth of Pennsylvania specifically 75 Pa. C.S.A. § 4903.

12.     The failure to properly load the vehicle consisted of a summary offense for which the Defendant, YRC, Inc. and YRC Logistics Services, Inc. was found guilty and for which it paid a fine.

13.     The injuries and damages sustained by the Plaintiff, David Pope, were caused by the negligence of the Defendants as hereinafter set forth.

14.     The Defendants knew or should have known that the Volvo tractor and trailer was subject to inspection at any time by the Pennsylvania State Police pursuant to the motor vehicle code of the Commonwealth of Pennsylvania.

15.     The violation by the Defendants of the motor vehicle code 75 Pa. C.S.A. § 4903(a) consisted of negligence per se.

16.     The Defendants at the aforesaid time and place were negligent, careless and reckless and they failed to use due care under the circumstances in that, among other things, they:

        (a)     failed to properly secure and maintain the load;

        (b)     failed to prevent the load from dropping, shifting, leaking or otherwise escaping;

        (c)     failed to inspect the contents of the trailer;

        (d)     failed to clean up the spilled and leaking material inside the trailer;

        (e)     failed to warn the Plaintiff of the leaking and spilled material inside the trailer;

(f)     failed to take proper precautions to prevent injury to the inspecting officer;

(g)     violated the laws of the Commonwealth of Pennsylvania regarding securing loads in vehicles;

(h)     in then and there failing to exercise reasonable care in order to keep the trailer in a reasonably safe condition for persons lawfully entering or making contact;

(i)     in then and there failing to discover spilled and leaking material inside the trailer;

(j)     in then and there failing to use due and proper care in keeping and maintaining the trailer and its contents in a safe and proper condition for the use of the Defendants;

(k)     in then and there permitting an unreasonably dangerous and hazardous condition to exist inside the trailer; specifically, in allowing the material to spill and leak from the trailer where it was likely to harm others;

(i)     in then and there breaching their duty to the Plaintiff to keep and maintain their vehicle in a safe and non-dangerous condition;

(m)     failing to correct and/or remedy the dangerous condition existing on the vehicle which caused the Plaintiff's harm;

(n)     in then and there failing to make a reasonably and/or timely inspection of the trailer so as to discover the created hazard enough so that the Defendant is deemed to have actual or constructive notice;

(o)     in then and there failing to prevent, remove and/or maintain the material in an orderly and proper fashion when the Defendant knew or should have known of the danger it presented;

(p)     in then and there failing to require its agents, servants and/or employees to inspect and/or regularly inspect the trailers which would have provided knowledge of the unreasonably dangerous condition;

(q)     in then and there failing to employ personnel and/or in then and there employing personnel who neglected to observe and/or correct the hazardous condition existing in its trailer/packaging or loan;

(r)   in otherwise disregarding the rights and safety of the Plaintiff by exposing him to a dangerous material;

(s)   in then and there failing to adopt and/or enforce adequate policies, procedures and/or guidelines for the inspection of the trailer and contents;

(t)   in then and there failing to supervise and/or adequately supervise and train its employees, agents and/or representatives;

(u)   in then and there failing to hire and/or retain only competent and responsible employees, agents and/or servants to operate and drive their tractor trailers;

(w)   failed to use due care under all of the existing circumstances;

(x)   improper stacking of load.

17.   As a result of the aforesaid negligence, carelessness and recklessness of the Defendants, the Plaintiff, David Pope suffered serious, painful and permanent injuries, humiliation and embarrassment in and about his person rendering him sick, sore, lame, prostate and disabled including a persistent cough and dyspnea upon exertion; the requirement to take steroids and long acting bronchodialators to sustain pulmonary function and limit systems; a considerable change in his asthma with increasing symptoms a condition which will never completely heal; permanent lung injury; depression; apprehension about his work and post traumatic stress disorder.

18.   As a further result of the negligence of the Defendants and the injuries sustained as a result thereof, the Plaintiff, David Pope has been required and will be obliged to receive and undergo continued medical attention and care and he has incurred medical expenses in excess of $15,089.32 and he is incurring and will continue to incur medical expenses, attention and care in the future.

-5-

19. As a further result of the negligence of the Defendants and the injuries sustained as a result thereof the Plaintiff, David Pope, is disabled and he suffers a permanent partial disability and he continues to be disabled and to suffer a permanent partial disability and he has suffered and will continue to suffer a loss in his earning capacity for an indefinite period of time in the future and he has lost wages and income.

20. As a further result of the negligence of the Defendants and the injuries sustained as a result thereof and the continuing nature of those injuries the Plaintiff, David Pope believed that he had been poisoned and that he was about to die and he has suffered, is suffering and will continue to suffer mental anguish, pain and discomfort and physical pain and discomfort and the loss of enjoyments of life for an indefinite period of time in the future.

WHEREFORE, the Plaintiff, David Pope, prays this Honorable Court to enter judgment in his favor and against the Defendants in an amount in excess of $50,000.00 together with delay damages and costs.

## COUNT II
## KIMBERLY POPE v. YRC, INC., YRC LOGISTICS SERVICES, INC., AND ROBERT E. VERMAATEN

21. Paragraphs 1 through 20 set forth above are incorporated herein by reference thereto as if the same were more fully set forth herein at length.

22. By reason of the negligence of the Defendants, the female Plaintiff, Kimberly Pope, has been and will in the future be deprived of the comfort, companionship, services, assistance and society of her husband, David Pope, all of which has been and will be to her great financial damage and loss.

-6-

WHEREFORE, the Plaintiff, Kimberly Pope, demands judgment against the Defendants

in an amount in excess of $50,000.00 together with delay damages and costs.

PUGLIESE, FINNEGAN & SHAFFER LLC

BY: _____

JARRETT J. FERENTINO, ESQUIRE
Id. No. 91726
575 Pierce Street - Suite 500
Kingston, PA 18704
(570) 283-1800
Attorneys for Plaintiffs

## VERIFICATION

I verify that the statements made in the attached **COMPLAINT** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

DAVID POPE

Dated:   June 1, 2011

## VERIFICATION

I verify that the statements made in the attached **COMPLAINT** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

_Kimberly Pope_
KIMBERLY POPE

Dated: June 1, 2011

Pugliese, Finnegan & Shaffer LLC
Jarrett J. Ferentino, Esquire / Id No. 91726
575 Pierce Street - Suite 500
Kingston, PA 18704
570-283-1800 (Phone)
570-283-1840 (Fax)
ferentino@pfslawyer.com                                          Attorneys for Plaintiffs

---

IN THE COURT OF COMMON PLEAS OF PIKE COUNTY, PENNSYLVANIA
CIVIL DIVISION

DAVID POPE and                          :
KIMBERLY POPE, his wife                 :
                Plaintiffs              :
                                        :
        vs.                             :       File No.: GD- 739-2011
                                        :
YRC, INC.,                              :
YRC LOGISTICS SERVICES, INC.            :
and ROBERT E. VERMAATEN                 :
                Defendants              :

## CERTIFICATE OF SERVICE

I, **JARRETT J. FERENTINO, ESQUIRE**, hereby certify that a true and correct copy of
**PLAINTIFFS' COMPLAINT** was mailed to the following by United States mail, first class,
postage prepaid, on the 1st day of June 2011:

> (Counsel for Defendants)
> Brendan G. Stuhan, Esquire
> Strauch, Fitzgerald & Green, P.C.
> 118 South Cherry Street
> Winston-Salem, NC 27101

PUGLIESE, FINNEGAN & SHAFFER, LLC

BY:
    JARRETT J. FERENTINO, ESQUIRE
    Id. No. 91726
    Counsel for Plaintiffs

Date: June 1, 2011

# PUGLIESE, FINNEGAN & SHAFFER LLC

ATTORNEYS AT LAW

Paul M. Pugliese
William T. Finnegan, Jr.
Charles A. Shaffer*
Jarrett J. Ferentino

SUITE 500, RIVERSIDE COMMONS
575 PIERCE STREET
KINGSTON, PENNSYLVANIA 18704 - 5732

Telephone (570) 283-1800

Fax (570) 283-1840

May 26, 2011

Brendan G. Stuhan, Esquire
Strauch, Fitzgerald & Green, P.C.
118 South Cherry Street
Winston-Salem, NC 27101

RE:  DAVID AND KIMBERLY POPE
vs. YRC, INC., ET AL
NO. GD-739-2011 (PIKE COUNTY, PA)

Dear Attorney Stuhan:

Please allow this correspondence to serve as an update as well as an attempt to resolve the above matter in lieu of litigation.

David Pope, date of birth 10/06/1970, of Wyalusing, PA, the husband of Kimberly Pope and a father of four children, has served proudly and admirably as a Pennsylvania State Police Trooper for the past sixteen years and has been promoted to the rank of Corporal. David has been employed as a motor carrier inspector with the Pennsylvania State Police for the past seven years and on April 28, 2009 was involved in a motor carrier inspection of your clients' motor carrier during which he sustained very serious injuries.

On April 28, 2009, David was working the 6:00 AM to 4:00 PM shift at the Pike County rest area in the westbound lane of I-84 at mile marker 25 between 6:00 AM and 7:00 AM. At that time David had begun a detail for hazard material safety inspections. He began a full level 1 inspection of a YRC 2002 Volvo tractor trailer vehicle being operated by Robert E. Vermaaten. David proceeded underneath the vehicle on a "creeper" inspecting the braking systems, springs and other applicable equipment. While conducting the inspection a liquid hit David's mouth and he immediately had a metallic taste in his mouth and wiped it onto his shirt.



Brendan G. Stuhan, Esquire
May 26, 2011
Page Two

_____

Upon contact with the unknown material, David spoke to a motor carrier enforcement officer, Joseph Micolucci, saying that something is leaking from the trailer. Both opened the trailer for further inspection. Inside the truck was metallic potassium cyanide. At that point David believed he was exposed to potassium cyanide. Upon further inspection of the interior of the trailer, Mr. Micolucci and David noted a stream of liquid on the floor. David also noted that the material that had leaked onto his mouth that he wiped onto his shirt had begun to crystalize. At that time individuals on scene noted that David's mouth was turning blue and his tongue began to swell up. Panic began to set in and a motor carrier enforcement officer drove David back to the station fearing he had been exposed to cyanide. David believed at that point he was going to die due to the reaction of the other individuals who were observing him and the physical reactions he began to experience.

As David arrived at the State Police Barracks, he saw a Lieutenant, a Sergeant and a Corporal running down to meet him at the garage. His co-workers and fellow State Troopers immediately removed forced his uniform in the garden house and were discussing that David had been exposed to hazardous material and had gotten into some "bad stuff". David began to feel a burning sensation around his mouth as well as continued swelling of his tongue and a metallic taste. He was told to take a cold shower to close his pores so that he wouldn't further ingest the materials, which he did for twenty minutes.

The troopers contacted an agency called Chemtech and were informed that they could use soap to clean David. Medics and other personnel arrived and all expressed concern for the discoloration around David's mouth. He was provided a new shirt and underwear and placed on a stretcher by the Blooming Grove Ambulance personnel. As David was being placed in the ambulance, he could hear the medics discussing that a medevac helicopter had been dispatched and he knew the situation was serious. Amidst all of the confusion, David had begun asking someone to assist him in contacting his wife as he did not want her to be called by any other personnel and get excited. His wife was home with his children and was pregnant, expecting their fourth child.

David emotionally recalls the phone call he made to his wife to inform her that he was being flown to the hospital and had been exposed to some kind of hazardous material. David believed he was having his last conversation with his wife. He told her he loved her and to take care of their children. He was then taken off the phone and was given oxygen. The ambulance was then driven to Route 84 at Exit 30 where a medevac helicopter had landed and David was placed on a stretcher. David's entire life flashed before his eyes and he prayed.

Brendan G. Stuhan, Esquire
May 26, 2011
Page Three

He was life-flighted to Lehigh Valley Hospital. When he arrived, he was received by two
nurses in full hazmat gear, or as he refers to them in "space suits". These individuals cut his clothes
off and began to scrub him with scrub brushes. He recounts this as a very embarrassing experience.
A State Police Corporal from a nearby troop came over to be with him.

Over the next few hours David was subjected to a host of painful blood gas tests. He was
meeting with the Chaplain. The Chaplain stayed with David as the results of the tests were
unknown. As the situation clarified and the blood gas test results were read, it appeared that David
had no chemicals in his blood stream and had not been exposed to cyanide. However, David had
been exposed to a fire suppression agent called Karbaloy, a combination of potassium carbonate
commonly utilized as a fire extinguishing agent.

Your client's company, YRC, Inc., was cited and has pled guilty and paid the fine for several
charges based on that inspection and the incident with Mr. Pope. Specifically, your company was
charged and pled guilty to Title 75 Pa. C.S.A. 4903(a) - Failure to Secure Loads in Vehicles.
Attached and marked as **Exhibit "A"** is a Driver Vehicle Examination Report documenting this loss.
Attached and marked as **Exhibit "B"** is a copy of two citations issued to YRC, Inc. related to the
above matter. Attached and marked as **Exhibit "C"** is a docket sheet indicating the guilty
disposition in the matter of Commonwealth v. YRC, Inc., Docket No. TR-0001281-09.

Your clients had violated state law and acknowledge this violation and their liability.
Following the incident, Pennsylvania State Police took photographs depicting your insured's vehicle
and the Karbaloy leakage. Attached is a disc of photos marked as **Exhibit "A-2"**. Attached and
marked as **Exhibit "D"** is a Material Safety Data Sheet on Karbaloy listing potassium carbonate in
its composition and hazardous effects of exposure as potential respiratory tract impairment and
coughing. It is clear that this violation led to the leakage and David's exposure and harm.

In the days and weeks following this incident David was placed on light duty and had begun
to experience a host of respiratory and emotional difficulties.

Attached and marked as **Exhibit "E"** is report completed by Reynold A. Panettieri, Jr., MD.
Dr. Panettieri outlines David's medical history, treatment history and injuries with regard to this
incident. For ease of your review, I have included with this package all of the records relied upon
by Dr. Panettieri to complete this report.

Brendan G. Stuhan, Esquire
May 26, 2011
Page Four

_____

As indicated in Dr. Panettieri's report, David has sustained and continues to suffer a persistent cough and dyspnea upon exertion. David has been required to take steroids and long-acting bronchodilators to sustain pulmonary function and limit symptoms. Dr. Panettieri has concluded that there has been "considerable change" in David's asthma with increasing symptoms over the past two years. Most notably, Dr. Panettieri feels David's condition will never completely heal and he has sustained permanent lung injury as a result of this exposure and your client's negligence. David will permanently require the additional medications and be subject to limitations as a result of his injuries.

David has also suffered psychological and emotional harm due to the traumatic events of April 28, 2009. For almost a year following the incident, David did not feel "himself". He became depressed and apprehensive about work. He further grew fearful that his physical maladies would inhibit his ability to perform as a Pennsylvania State Trooper. On or about March 26, 2010, David sought the treatment of Ann Marie Lewis, M.A., a Pennsylvania licensed psychologist located at 210 North State Street, Clarks Summit, PA. David treated with her until November 16, 2010 for post-traumatic stress disorder. Attached and marked as **Exhibit "F"** is a report of Ann Marie Lewis documenting and diagnosing post-traumatic stress disorder as a result of the incident of April 28, 2009. David has discussed with me the tremendous emotional impact this incident has had upon he and his wife.

David has utilized the medical benefits provided through the Pennsylvania State Police who are asserting a lien in this matter for care rendered as a result of this incident. Attached and marked as **Exhibit "G"** is a current payout sheet provided by the Pennsylvania State Police evidencing their claim for $15,089.32. I am obligated to protect this lien and must repay the same from any proceeds in this action. I have been advised that this figure is subject to change and can increase.

This incident has greatly impacted David and his entire family. In particular, this incident has also had a profound impact on David's wife, Kim, who also has a derivative loss of consortium claim. I am hopeful, upon your review of the enclosed materials, that a fair, amicable and just resolution can be reached for this claim. Clearly my clients have suffered and are entitled to just compensation. Accordingly, I am requesting a settlement figure of $300,000.00 to compensate my clients for their losses enumerated above.

Please contact me to discuss this matter at your earliest convenience.

Sincerely,

JARRETT J. FERENTINO

JJF/jr
Enclosure